NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2308
_____

TRI3 ENTERPRISES, LLC, individually and on behalf of all other similarly situated,

Appellant

v.

AETNA, INC.; AETNA HEALTH INC.;
AETNA LIFE INSURANCE COMPANY;
CORPORATE HEALTH INSURANCE, INC.;
AETNA INSURANCE COMPANY OF CONNECTICUT
_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 3-11-cv-03921)
District Judge:  Honorable Joel A. Pisano

Argued:  June 26, 2013
_____

Before:  FUENTES, FISHER, and CHAGARES, <u>Circuit Judges</u>.

(Filed: August 16, 2013)

D. Brian Hufford (Argued)
Robert J. Axelrod
Susan Weiswasser
Anthony F. Maul
Pomerantz Grossman Hufford Dahlstrom & Gross LLP
600 Third Avenue, 20th Floor
New York, New York  10016

Vincent N. Buttaci
John Leardi

Paul D. Werner
Buttaci & Leardi, LLC
103 Carnegie Center, Suite 101
Princeton, New Jersey  08540

James E. Cecchi
Lindsey H. Taylor
Carella, Byrne, Cecchi, Olstein, Brody & Agnello, PC
5 Becker Farm Road
Roseland, New Jersey  07068
       *Attorneys for Appellant*

Marc D. Haefner
Patricia A. Lee
Tricia B. O'Reilly
Neil V. Shah
Liza M. Walsh
Edward S. Wardell
Connell Foley LLP
85 Livingston Avenue
Roseland, New Jersey  07068

Miguel A. Estrada (Argued)
Gibson Dunn
1050 Connecticut Avenue, N.W., 9th Floor
Washington, D.C.  20036
       *Attorneys for Appellee*

Thomas Tso
United States Department of Labor
200 Constitution Avenue, N.W., Room N-4611
Washington, DC  20210
       *Attorney for Amicus Curiae*

_____

OPINION
_____

CHAGARES, <u>Circuit Judge</u>.

Appellant Tri3 Enterprises, LLC ("Tri3") appeals the dismissal of its Complaint

against Aetna, Inc. and several of its subsidiaries (collectively "Aetna"), arguing that the

2

District Court improperly relied on assertions in Aetna's motion to dismiss in finding that Tri3 had failed to state a claim under the Employee Retirement Income Security Act ("ERISA"). For the reasons explained below, we will vacate and remand.

I.

Tri3 is a health care provider that supplies patients with durable medical equipment or DME. When Tri3 supplies insured patients with DME that it believes is covered under the terms of a health care plan, it typically directs patients to execute assignments transferring any medical insurance benefits associated with the DME to Tri3 and authorizing Tri3 to receive the benefits directly from the health care plan. Tri3 then submits claims for the DME to the plan, utilizing the Healthcare Common Procedure Coding System ("HCPCS") to indicate the nature of the medical service Tri3 has provided.

This appeal involves two devices that Tri3, through its subsidiaries Wabash and Orthoflex, supplied to patients insured by various Aetna health plans: the Game Ready Vasopneumatic Compression device, which delivers cyclical compression and temperature-controlled cold therapy to aid in surgery and injury recovery, and the NanoTherm device, which is an external pneumatic compression device used to treat edema and venous ulcers. The conflict that led to this suit arose between the parties in the fall of 2009 over whether these devices were covered under the terms of several Aetna health insurance plans.[1] The first sign of disagreement appeared when Aetna

---

[1] Neither party disputes that the relevant plans qualify as employee benefit plans under ERISA.

3

asked Wabash to submit information clarifying the HCPCS code that had been used to report claims associated with the Game Ready device. Tri3 responded with a variety of documents including the relevant HCPCS coding definition, an explanation of how the Game Ready device satisfied that definition, FDA documentation, and the opinion of an orthopedic surgeon that supported Tri3's position that its coding was proper and that coverage existed. Despite having requested their submission, Aetna never reviewed any of these materials according to the Complaint.

The dispute escalated when an Investigator with Aetna's Special Investigations Unit ("SIU") sent a letter to Wabash informing it that it should have used a different HCPCS code when submitting bills for the Game Ready device, that the device was not a covered device regardless of the code reported, and that there was a "discrepancy that may have resulted in an overpayment to [Wabash] by Aetna." Appendix ("App.") A37. Wabash disagreed and reiterated its position that the device was covered. The parties continued to exchange correspondence through 2010, and Aetna eventually raised similar objections relating to Tri3's coding of the NanoTherm device.

Aetna ultimately demanded repayment of over $400,000 from Wabash related to the Game Ready and NanoTherm devices and reiterated its opinion that there was no coverage for the devices regardless of the code used, a position that the Complaint describes as "absurd[]." App. A40. Aetna further accused Wabash of fraudulent acts in violation of federal law, an accusation Tri3 alleges was meritless. Throughout, Tri3 maintained that it had used the correct codes for both devices and that coverage existed. The relationship between the parties degenerated further when Aetna accused Tri3 of

4

acting in bad faith and attempting to use Orthoflex, another Tri3 subsidiary, to circumvent the Pre-Payment Review process to which Wabash had been subjected. Shortly thereafter, Aetna sent Orthoflex a letter demanding over $100,000 in reimbursements for overpayments for the Game Ready and NanoTherm devices.

The Complaint alleges that Aetna never mentioned an appellate or review process in its correspondence with Tri3 or provided any such procedure to resolve the parties' differences of opinion with respect to coding and coverage. When Tri3 sought to invoke ERISA provisions requiring disclosure and appellate procedures, the SIU stated that Aetna's overpayment demands were not adverse benefit determinations that would trigger ERISA protections and that Tri3's ERISA demands were deficient in several additional aspects. When Wabash attempted to appeal Aetna's decisions directly to Aetna rather than through the SIU, Aetna responded that it had no record of any reimbursement requests.

Tri3 has not made any repayment to date and alleges that Aetna has no valid basis for its decision to seek restitution related to the two devices because its coding was proper and the devices were covered. In an effort to resolve the parties' dispute and to ultimately put an end to Aetna's efforts to recover the disputed funds, Tri3's Complaint brought two claims against Aetna alleging that it had violated § 503 of ERISA, which provides that plans must provide notice and the opportunity for a full and fair review when a "claim for benefits under the plan has been denied." 29 U.S.C. § 1133. The first claim is based on Aetna's alleged failure to provide appropriate notice and the second claim is based on Aetna's alleged failure to offer a full and fair review process.

5

Aetna filed a motion under Federal Rule of Civil Procedure 12(b)(6) seeking to dismiss the Complaint on the ground that Tri3 had failed to state a claim within the regulatory scope of ERISA. In dismissing the Complaint, the District Court emphasized Aetna's suggestions that Tri3 had engaged in improper billing practices in order to collect benefits for uncovered devices and concluded that the dispute between the parties was primarily a billing rather than a coverage dispute. Its opinion additionally relied on cases dealing with ERISA's preemptive scope to conclude that because ERISA preemption might not bar a common law suit against Tri3 arising from the same dispute, Tri3 could not state a valid claim under ERISA against Aetna. This timely appeal followed.

II.

The District Court had jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). We exercise jurisdiction over Tri3's appeal under 28 U.S.C. § 1291.

We exercise plenary review over a district court's order granting a motion to dismiss. Grier v. Klem, 591 F.3d 672, 676 (3d Cir. 2010). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). We draw all reasonable inferences in the plaintiff's favor, but are free to disregard legal conclusions and formulaic recitations of the elements of a cause of action. Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010). Unless the court converts a motion to dismiss into a motion for summary judgment, it is generally confined to the four corners

6

of the complaint when evaluating its sufficiency.  Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992).   It must accept all facts alleged as true and, apart from narrow exceptions not relevant here, cannot rely on outside evidence the parties may introduce. Mayer, 605 F.3d at 230.

Despite the motion to dismiss standard's primary focus on the plaintiff's allegations, the District Court opined that the "central issue of the dispute is Aetna's allegation that Tri3 had misrepresented to Aetna the nature of the medical device that had been supplied to insureds."  App. A18 (emphasis added).  The Complaint, though, alleged that the allegations by Aetna that the District Court referred to were false, that Tri3 and its subsidiaries had used the appropriate codes in submitting claims to Aetna, and that the devices were in fact covered by Aetna's health plans.  Because this matter is before this Court on a motion to dismiss, we must accept the version of the facts alleged by Tri3.  It was thus improper for the District Court to rely on Aetna's competing account to dismiss the Complaint.

The District Court's preemption analysis suffers from the same mistake.  Section 514 of ERISA provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title."  29 U.S.C. § 1144(a).  The District Court reasoned that Aetna could bring a tort suit against Tri3 based on Aetna's accusations of fraud or misrepresentation because such a case would not sufficiently "relate to" the employee benefit plans involved to bring the actions within ERISA's purview.  The District Court concluded that if Aetna could bring a suit outside of ERISA, then Tri3 could not bring a suit under

7

ERISA relating to the same dispute. This logic falters because it is based on accusations in Aetna's motion to dismiss and not on an actual complaint that Aetna has filed. Without a complaint before us, we cannot know the precise form that Aetna's claims might take. Any analysis of whether those claims would be preempted is therefore hypothetical and premature.

We are also unconvinced that ERISA's preemptive reach would mean that allowing Tri3's suit to proceed would obstruct any suit that Aetna may elect to bring. The fact that an ERISA claim exists against one party does not necessarily mean that that party cannot bring a separate, non-ERISA claim related to similar facts against the opposing party. See LeBlanc v. Cahill, 153 F.3d 134, 147-48, 151-53 (4th Cir. 1998) (holding that ERISA did not preclude a plan from bringing action against parties with respect to plan for fraudulent misrepresentation and also finding that the same facts supported an ERISA claim against a separate set of parties). Just as the validity of Tri3's claims depends on Tri3's allegations, the validity of Aetna's claims will depend on Aetna's allegations, if and when they are made.

Rather than waiting for Aetna to file suit against it, Tri3 filed a suit of its own that seeks, in part, to compel Aetna to provide Tri3 with various ERISA review and appellate rights. Aetna maintains that this was an improper race to the courthouse designed to stymie Aetna's efforts to recover payments from Tri3. When two opposing parties believe that they each have a valid cause of action against the other and one files suit first, it does not automatically follow that first party has acted in bad faith. ERISA provides for suits seeking to enforce beneficiaries' process rights, see 29 U.S.C. § 1132,

and Tri3 has chosen to take advantage of these provisions by filing suit. Regardless of whether Aetna could have filed suit against Tri3, Aetna has thus far chosen not to do so. Aetna's delay in asserting its legal rights is no reason why Tri3's claims should be dismissed.

Because the District Court relied on its preemption analysis in dismissing Tri3's Complaint, it did not reach the question of whether Tri3's allegations constituted a valid claim to recover denied benefits under §§ 502 and 503 of ERISA. The parties touched on this issue in their briefs, but it was not Aetna's original basis for seeking dismissal and it has not been the focus of this appeal. We will not address the issue at this time, but will rather leave it to the District Court to review in the first instance should Aetna choose to file a new motion to dismiss.

III.

Based on the foregoing, we will vacate the District Court's order and remand for further proceedings.